IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*v.*<br><br>BILLY CALHOUN | Criminal Action No.<br><br>1:21-cr-150-WMR |

### Government's Sentencing Statement

The United States of America, by Ryan K. Buchanan, United States Attorney, and Alex R. Sistla, Assistant United States Attorney for the Northern District of Georgia, files this brief statement with respect to sentencing. First, there are no objections to the Guidelines, and the government agrees with Probation's calculation that Defendant Billy Calhoun's advisory guidelines range is life months based on a Total Offense Level of 43 and Criminal History Category II. (PSR ¶¶ 75, 80 & Part D. Sentencing Options).[1] Second, consistent with the terms of the plea agreement, the government will recommend at sentencing that the Court sentence Calhoun to 20 years' imprisonment. (R. 58-1, Plea Agreement ¶ 23). The parties have not agreed to recommend a particular term of supervised release, but the government will ask the Court to impose a minimum 10-year term. Third, the government is using this brief statement to preview its

---

[1] As a technical matter, Calhoun's advisory range is 360 months' imprisonment because he faces a statutory maximum of 30 years. *See* USSG § 5G1.1(a). Neither party has raised any objections to Probation's calculation of the advisory Guidelines range.

reasons for recommending a downward variance and asking the Court to follow the parties' joint recommendation to impose 20-year custodial sentence:

- As an initial matter, the government routinely recommends below-Guidelines sentences in the typical sextortion cases in which the defendant has pleaded guilty, accepted responsibility for his conduct, has no criminal history (or minimal criminal history), and spared the victims from testifying at trial. It is also not unusual that the advisory Guidelines range in such cases is life (or effectively life), and the government rarely recommends such a sentence in which a defendant has pleaded guilty unless there are specific, identifiable aggravating factors (*e.g.*, recidivist sex offender, especially young victims, *etc.*). *See* 18 U.S.C. § 3553(a)(6) (need to avoid unwarranted sentencing disparities).
- There is no evidence that Calhoun engaged in any sexual conduct with any of his victims. While it is true that Calhoun met up with one of his victims, there is no evidence that they engaged in any sexual conduct. Nor is there any evidence that Calhoun attempted to cajole or coerce her into having sex or otherwise hurt or molest her (or physically endanger her). *See* 18 U.S.C. § 3553(a)(1) (the court should consider the nature and circumstances of the offense); (a)(2)(A) (need for sentence to reflect the seriousness of the offense).
- This case is different than the typical sextortion case because the government did not uncover any evidence that Calhoun attempted to truly

extort any of his victims. There is in fact no evidence that Calhoun ever threatened any of his victims if they failed or refused to produce sexually explicit images or videos. In many such cases, it is not atypical for the government to uncover evidence that a defendant threatens to "expose" victims if they refuse to produce additional sexually explicit images and/or videos. Defendants will often threaten to expose their victims by sending censored images to the victims' friends via social media (*e.g.*, via Instagram, Snapchat) or posting the censored or uncensored pictures online. The government has absolutely no evidence that Calhoun engaged in any such conduct. And for an online child pornography production case, the number of identified victims here is significantly less than what the government has observed in other, similar cases where defendants may victimize dozens and dozens of minor girls they "meet" online. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(A) & (a)(6).

- The recommended sentence also reflects Calhoun's significant intellectual limitations/mental health issues, which impacts his relative culpability as compared to other defendants charged with child exploitation crimes. The government believes that Calhoun has unmistakable and well-documented mental health (and related) issues arising from many factors that go back decades, include living in foster homes, suffering sexual abuse, a lack of bonding with his biological parents, *etc.* that help, at least in part, to

explain and mitigate—but not excuse—his conduct.[2] *See* 18 U.S.C. § 3553(a)(1) (the need for the sentence to reflect the history and characteristics of the defendant).

- The recommended 20-year sentence should also provide adequate deterrence and protect the public because Calhoun would not be released from prison until he's in his early 50s, which would help minimize (albeit not eliminate) any potential threat that he would pose in the future. A significant period of supervised release, as well as the fact that Calhoun will have to register as a sex offender will also serve to help protect the public from Calhoun in the future. *See* 18 U.S.C. § 3553(a)(2)(B) & (a)(2)(C).

\* \* \* \*

In short, the government believes that the recommended 20-year sentence in this case will serve the goals of sentencing and is a sentence that is "sufficient, but not greater than necessary" to reflect the seriousness of the offense, promote respect for the law, provide just punishment, provide adequate deterrence, and protect the public from Calhoun in the future. 18 U.S.C. § 3553(a)(2)(A)-(C).

---

[2] The government is aware that Calhoun has filed under seal substantial supporting material in this respect.

Page **4** of **5**

Respectfully submitted,

RYAN K. BUCHANAN
   *United States Attorney*

/s/ ALEX R. SISTLA
   *Assistant United States Attorney*
Georgia Bar No. 845602
Alex.Sistla@usdoj.gov

## Certificate of Service

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

October 13, 2023

/s/ ALEX R. SISTLA

ALEX R. SISTLA

*Assistant United States Attorney*